Mr. Lee White Executive Director Department of Administration 1525 Sherman Street Denver, CO 80203
Mr. Dan Whittemore State Controller Division of Accounts and Control Department of Administration Room 706 1525 Sherman Street Denver, CO 80203
Gentlemen:
This is in response to your letter of September 17, 1980, in which you request an opinion as to whether faculty members and other employees exempt from the State Personnel System are covered by the fiscal rules relating to employee perquisites issued pursuant to C.R.S. 1973, 24-30-202(22).
QUESTION PRESENTED AND CONCLUSION
Do the fiscal rules on employee perquisites issued pursuant to C.R.S. 1973, 24-30-202(22) apply to faculty members, contract employees and other employees exempt from the State Personnel System?
 My conclusion is yes, the fiscal rules do apply to such employees.
ANALYSIS
The statute directing the state controller to promulgate fiscal rules on employee perquisites reads in pertinent part as follows (C.R.S. 1973, 24-30-202(22)):
 (22) The controller shall make uniform and equitable fiscal rules controlling the types of perquisites which may be allowed state employees in the executive branch of government, including employees in the institutions of higher education, in addition to their regular salaries. . . .
Before these fiscal rules apply, a person must be a "state employee" in the "executive branch of government." Further, the statute by its express terms applies to employees in institutions of higher education.
Your question asks whether employees who are exempt from the State Personnel System, either by constitutional provision (art. XII, § 13) or by statute (see e.g., C.R.S. 1973,24-50-135) are covered by the fiscal rules on perquisites.
The statute, C.R.S. 1973, 24-30-202(22) is not limited in its applicability only to those state employees in the State Personnel System. It applies to state employees, whether under the Personnel System or not, unless otherwise provided by law.
C.R.S. 1973, 24-30-202 does not contain a definition of "state employee." There are, however, a variety of methods to determine whether a person is an employee, and three are included here for reference. One is the definition of "state employee" under the public employees' retirement association statutes, in C.R.S. 1973, 24-51-101(5) (Supp. 1979), which reads in pertinent part as follows:
 (5) "State employee" means any person holding a state office or regularly employed by the state in any capacity whatever whose salary is paid either by warrant of the state or from the fees or income of any department, board, bureau, or agency of the state, excepting county commissioners, judges of the supreme court, court of appeals, and district, county, juvenile, probate, and superior courts, and district attorneys, and the presidents, deans, professors, and instructors in the state educational institutions which have an established retirement or annuity plan for such employees. . . .
A second method is to distinguish between employees and independent contractors, as the state must do on all personal services contracts. A person is considered to be an independent contractor if he is not subject to the state's control as to the means and methods of accomplishing his work, if he selects his clients and is free to work for one or more during any given interval, if he determines the time and place the work will be performed, if he provides the tools, materials and office space needed to perform the work, if he does not participate in benefit programs of the state, and if he performs specific services at a fixed price and generally does not receive regular amounts at stated intervals. (See e.g., Fiscal Rules of the State of Colorado, 3.1.12.) And third is the scope of the Colorado Governmental Immunity Act, which defines "public employee" to include an employee of a public entity, "but does not include an independent contractor." C.R.S. 1973, 24-10-103(4). Under these standards, most faculty members, for example, are state employees even though they are exempt from the State Personnel System.
The second issue is whether the particular employees are within the executive branch of state government. Under article III, Colo. Const., there are only three branches of government. Institutions of higher education are within the executive branch, rather than within the legislative or judicial branches. This is indicated in C.R.S. 1973, 24-30-202(22) itself. Ascertaining for which branch of government an employee works must be done on a case-by-case basis, although this generally is a straightforward determination.
Because your opinion request specifically refers to faculty members of institutions of higher education, it should be noted that C.R.S. 1973, 24-30-202(22), as to perquisites, and C.R.S. 1973, 24-30-202(13)(a), as amended in 1980, expressly provide that fiscal rules are applicable to institutions of higher education. This removes any doubt that may arise under article VIII, section 5(2), Colo. Const., as to the applicability of the fiscal rules to institutions of higher education.
Therefore, it is my opinion that the fiscal rules on perquisites apply to all state employees in the executive branch of government, whether or not they are within the State Personnel System, unless otherwise provided by law.
SUMMARY
The fiscal rules on perquisites, promulgated by the state controller pursuant to C.R.S. 1973, 24-30-202(22), apply to all state employees in the executive branch of government, whether or not they are within the State Personnel System, unless otherwise provided by law.
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYEES FISCAL RULES
C.R.S. 1973, 24-30-202(22) C.R.S. 1973, 24-51-101(5) C.R.S. 1973, 24-10-103(4) C.R.S. 1973, 24-30-202(13)(a)
ADMINISTRATION, DEPT. OF Accounts Control Div. of
The fiscal rules on perquisites, promulgated by the state controller pursuant to C.R.S. 1973, 24-30-202(22), apply to all state employees in the executive branch of government, whether or not they are within the State Personnel System, unless otherwise provided by law.